IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY DWIGHT HORTON, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:23-CV-2138-N-BK |
| § | |
| FBI, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On September 25, 2023, Gregory Dwight Horton, a Dallas resident, filed a *pro se* letter addressed to all federal judges, district attorneys, and the Dallas Police Department, in which he purports to sue the FBI and KKK. Doc. 3 at 1. The letter, construed as a complaint, is nonsensical and clearly irrational. Doc. 3 at 1-6. Horton never states a cause of action or alleges any coherent facts from which the Court can discern a cognizable cause of action. The pleading is titled, "FBI KKK CHRISTIAN Religion Multi Culture HATE CRIME TARGETS my entire family kids as well." Doc. 3 at 1.

As best the Court can glean, Horton presents stream-of-consciousness allegations of possible hate crimes against him and his family. He appears to complain of (1) criminal

violations ("13 or more premeditated capital murder, 4 child exploitations, 3 baby suffocations," to mention a few), (2) the Dallas Police Department and Legal Aid's refusal to help him, and (3) the "FBI, DPD, KKK Christian Religion … holding over [his] head [and] targeting [his] family." Doc. 3 at 1-2. Horton asks that he and his family be removed from their home and placed in a better environment. Doc. 3 at 2-3. He also references his own past criminal proceedings and sentences. *See* Doc. 3 at 3 ( "John Creuzot played a role and Faith Johnson sent me to prison").

With his construed complaint, Horton includes a form complaint filed with the United States Attorney's Office seeking an investigation and summarizing the same nonsensical claims as in his construed complaint. Doc. 3 at 5-6. Horton lists as possible violators individuals whom he references as apostles. Doc. 3 at 5-6.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[1]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between

---

[1] Plaintiff did not move to proceed *in forma pauperis* or pay the filing fee. However, because the Court lacks jurisdiction, it is more efficient to dismiss the complaint than to require compliance with filing requirements.

parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Horton's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Horton has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. As noted, Horton presents only incoherent allegations that border on the fantastic and delusional.

Moreover, to the extent Horton is seeking to file a criminal complaint or allege criminal law violations, his request lacks legal basis and cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by*

*Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Horton has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

In addition, Horton's assertion that some Defendants are in Texas (and, therefore, presumably citizens of Texas) defeats subject-matter jurisdiction on the basis of diversity. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (holding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the complaint does not present an adequate basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed sua sponte and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged by Horton in his complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, Horton's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 23, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).